UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

THEUS O'BRYAN ROWELL          )
                              )
    Plaintiff,                )
                              )
v.                            )   Case No.: 3:20-cv-0075-LCB
                              )
SOUTHWIRE COMPANY             )
                              )
    Defendant.                )

## **MEMORANDUM OPINION**

Theus O'Bryan Rowell, appearing *pro se*, filed a complaint on January 15, 2020, alleging that his former employer, Southwire Company[1] ("Southwire"), discriminated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. In his complaint, Rowell alleged that, in December of 2017 and in August of 2018, he "reported racial discrimination based on hiring practices." (Doc. 1, p. 5). Rowell also alleged that he reported "harassment based on race" on February 21, 2019. *Id.* According to Rowell, he was terminated on March 28, 2019, in retaliation for these complaints. *Id.*

In its motion to dismiss, Southwire asserts that Rowell's complaint is due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, that summary judgment should be granted in its favor. According to Southwire, Rowell failed to

---

[1] In its motion to dismiss, the defendant states that it was improperly named in the complaint, and that its proper name is Southwire Company, LLC.

timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") as required by 42 U.S.C. § 2000e-5(e)(1). Therefore, Southwire says, Rowell has failed to properly exhaust his administrative remedies.

Pursuant to Title VII, a plaintiff must satisfy certain prerequisites before filing a federal cause of action. Specifically, a charge of discrimination must be filed with the EEOC within 180 days after the allegedly unlawful employment practice occurred. *See* 42 U.S.C. § 2000e-(5)(e)(1)("A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred…."). The United States Supreme Court has held that the use of the word "shall" "makes the act of filing a charge within the specified time period mandatory." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002), *citing Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998). The Supreme Court has elsewhere explained that "strict adherence" to this procedural requirement "is the best guarantee of evenhanded administration of the law." *Mohasco v. Silver*, 447 U.S. 807, 826 (1980). "Thus, if a plaintiff fails to file an EEOC charge before the 180-day limitations period, the plaintiff's subsequent lawsuit is barred and must be dismissed for failure to exhaust administrative remedies." *Thomas v. Alabama Council on Human Relations, Inc.*, 248 F. Supp. 2d 1105, 1114-15 (M.D. Ala. 2003).

In his complaint, Rowell alleged that he filed his EEOC charge on April 20, 2019. (Doc. 1, p. 6). Rowell attached a copy of the right-to-sue notice from the EEOC but not a copy of the actual EEOC charge. However, Southwire attached a copy of Rowell's EEOC charge to its motion to dismiss. (Doc. 5-2). The EEOC charge indicates that it was signed by Rowell on September 30, 2019. *Id.* at p. 2. Therefore, Southwire argues, Rowell filed his complaint at least 186 days after he was terminated on March 28, 2018.[2] Accordingly, Southwire says, Rowell's EEOC charge was filed outside the 180-day time period prescribed by law and is therefore untimely.

In his response, Rowell does not dispute that he filed his EEOC charge on September 30, 2019, nor does he allege that Southwire somehow continued to discriminate against his after he was terminated. Additionally, Rowell does not dispute the authenticity of the EEOC charge attached to the defendant's motion to dismiss. Rather, he contends that the EEOC would not have issued the right-to-sue notice if his complaint was untimely. (Doc. 7, p. 2). However, Rowell cited no authority for the proposition that the issuance of a right-to-sue letter somehow permits a charge to be filed outside of the 180-day limitations period prescribed by the statue. Contrary to Rowell's assertion, the Eleventh Circuit has held:

---

[2] According to Southwire, Rowell was terminated on March 21, 2018, and not March 28, 2018. However, it makes no difference. Even assuming that Rowell was terminated on March 28, 2018, his EEOC complaint was still untimely.

3

> Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge. *Pinkard v. Pullman–Standard*, 678 F.2d 1211, 1215 (5th Cir. Unit B 1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983) (*citing, inter alia*, 42 U.S.C.A. § 2000e–5(f)(1)). Further, if, after the expiration of 180 days, the charge has not been dismissed and no other action has been taken by the EEOC, the EEOC is required to notify the claimant and that claimant may bring suit in district court within 90 days thereafter. 42 U.S.C.A. § 2000e–5(f)(1).13 The court in *Pinkard* held that the receipt of a right-to-sue letter is not a jurisdictional prerequisite to suit in district court, but rather, is a condition precedent subject to equitable modification. 678 F.2d at 1216.

*Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996).

Rowell also asserts that he filed his complaint within 90 days of receiving his right-to-sue notice. However, that is of no consequence. He does not dispute that the EEOC charge was filed outside of the limitations period. Because Rowell filed his EEOC charge outside of the 180-day time period provided by Title VII, his charge was untimely. Consequently, he has failed to exhaust his administrative prerequisites and the present lawsuit is barred.

As noted, Southwire moved to dismiss Rowell's complaint pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, for summary judgment. Typically, "[w]hen a court considers matters outside of the pleadings in a [Rule] 12(b)(6) motion to dismiss, the court converts that motion into a motion for summary judgment." *Johnson v. Unique Vacations, Inc.*, 498 Fed. Appx. 892, 894 (11th Cir. 2012); *see*

*also Trustmark Ins. Co. v. ESLU, Inc*., 299 F.3d 1265, 1267 (11th Cir. 2002) ("Whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is thereby converted into a Rule 56 Summary Judgment motion.").

But conversion is not always required. In ruling on a motion to dismiss, the district court may consider an extrinsic document if (1) it is central to the plaintiff's claim, and (2) its authenticity is not challenged. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). Further, "a document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute." *Harris v. Ivax Corp*., 182 F.3d 799, 802 n. 2 (11th Cir.1999).

In discrimination cases, the EEOC charge is a document that courts routinely consider when ruling on motions to dismiss, even if it was not attached to a pleading. *See Caetio v. Spirit Coach*, LLC, 992 F. Supp. 2d 1199, 1208 (N.D. Ala. 2014)("As the EEOC charges are referenced in plaintiffs' complaint and are central to their claims, this court will consider those forms on defendant's motion to dismiss without converting the motion into a motion for summary judgment."). Because Rowell referred to his EEOC charge in his complaint, because the charge is central to his case, and because Rowell does not challenge its authenticity, the Court may consider the EEOC charge in ruling on Southwire's motion to dismiss without converting it into a motion for summary judgment.

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) *quoting* Fed. R. Civ. P. 8(a)). The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).

In the present case, the Court need not consider whether Rowell's allegations establish a Title VII violation. Rowell's complaint, considered together with the EEOC charge, is facially deficient. As described above, it is apparent from the fact of the complaint and the EEOC charge that Rowell filed the charge outside of the 180-day time period provided by 42 U.S.C. § 2000e-(5)(e)(1). Rowell has not asserted that the 180-day period should be tolled for any reason. Therefore, Rowell's EEOC charge was untimely filed, and he has failed to exhaust his administrative prerequisites. Accordingly, Rowell has failed to state a claim for which relief can

be granted, and the defendant's motion to dismiss (Doc. 5) is due to be **GRANTED** and this case **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6).  A separate order will be entered.

      **DONE** and **ORDERED** August 18, 2020.

                                      **LILES C. BURKE**
                                      UNITED STATES DISTRICT JUDGE